UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAH CHANDLER SHOCKENCY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-2427-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 18. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.  Background

On January 28, 2014, plaintiff filed an application for SSI, alleging that he had been disabled since birth. Administrative Record ("AR") at 162-71. Plaintiff was a minor at the time the application was filed but turned eighteen on March 4, 2014. *Id*. at 162. His application was denied initially and upon reconsideration. *Id.* at 98-102, 106-10. Thereafter, a hearing was held before Administrative Law Judge ("ALJ") Sharon L. Madsen. *Id*. at 42-68.

1

On October 5, 2016, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 14-30. The ALJ made the following specific

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

To qualify for disability child benefits, a child under the age of 18 must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(1). A three-step sequential evaluation governs eligibility for child benefits. 20 C.F.R. § 416.924. The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is

findings:

1. The claimant was born on March 4, 1996 and was therefore in the "Adolescent (age 12 to attainment of age 18)" age group on January 28, 2014, the date the application was filed (e.g., 20 CFR 416.926a(g)(2)(v)). H [sic] attained age 18 on March 3 [sic], 2014 (20 CFR 416.120(c)(4)).

2. The claimant has not engaged in substantial gainful activity since the date the application was filed (20 CFR 416.924(b) and 416.972).

3. Before attaining age 18, the claimant had the following severe impairments: autism spectrum disorder and an anxiety disorder (20 CFR 416.924(c)).

* * *

4. Before attaining age 18, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, Part A or B (20 CFR 416.920(d), 416.924, 416.925 and 416.926).

* * *

5. Before attaining age 18, the claimant did not have an impairment or combination of impairments that functionally equaled the listings (20 CFR 416.924(d) and 416.926a).

* * *

---

appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is conclusively presumed disabled. If not, the claimant is not disabled.

20 C.F.R. § 416.924.

At step three the determination of whether an impairment or combination of impairments functionally equals a listing requires the ALJ to assess the claimant in six "broad areas of functioning intended to capture all of what a child can or cannot do," which are referred to as "domains": "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To functionally equal the listings, the child's "impairment(s) must be of listing-level severity; i.e., it must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain." C.F.R. § 416.926a(a).

3

6. Because the claimant did not have an impairment or combination of impairments that met, medically equaled any listing or functionally equaled the listings, he was not disabled prior to attaining age 18 (20 CFR 416.924(a)).

7. The claimant has not developed any new impairment or impairments since attaining age 18.

8. Since attaining age 18, the claimant has continued to have a severe impairment or combination of impairments (20 CFR 416.920(c)).

\* \* \*

9. Since attaining age 18, the claimant has not had an impairment or combination of impairments that meets or medically equals a listed impairment (20 CFR 416.920)).

\* \* \*

10. After careful consideration of the entire record, I find that, since attaining age 18, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but he has been limited to performing only simple routine tasks with occasional contact with the public and coworkers.

\* \* \*

11. The claimant has no past relevant work (20 CFR 416.965).

12. The claimant is currently a "younger individual age 18-44" (20 CFR 416.963

13. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964)

14. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

15. Since attaining age 18, considering the claimant's age, education, work experience, and residual functional capacity, jobs have existed in significant numbers in the national economy that the claimant has been able to perform (20 CFR 416.960(c) and 416.966).

\* \* \*

16. The claimant has not been under a disability, as defined by the Social Security Act, since March 3, 2014 [sic], the day he attained age 18, through the date of this decision (20 CFR 416.924(a) 416.920(g)).

*Id.* at 18-30.

/////

/////

4

Plaintiff's request for Appeals Council review was denied on September 29, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. Analysis

Plaintiff argues that the ALJ committed two errors. First, he argues that the ALJ impermissibly rejected, without explanation, the opinions of treating psychologists Jason Christopherson and Elizabeth Ganiron. ECF No. 15-2 at 15-22. Second, he argues that the ALJ erred in assessing plaintiff's mental limitations by failing to account for his need for a supportive living environment. *Id.* at 22-26. As explained below, the court finds plaintiff's first argument persuasive and remands for further proceedings on that basis.[2]

---

[2] Because the matter must be remanded for further consideration of the medical opinion

5

### A. Relevant Legal Standards

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

### B. Opinion Evidence

Dr. Christopherson, Psy.D., and Dr. Ganiron, Psy.D., performed a psychological evaluation for the purposes of assessing plaintiff's eligibility for services from Central Valley Regional Center ("CVRC"). AR 347-58. Based on their examinations and plaintiff's testing results, Dr. Christopherson and Dr. Ganiron diagnosed plaintiff with Autistic Spectrum Disorder with mild to moderate symptoms. *Id.* at 354, 357. They opined that plaintiff has deficits in social emotion reciprocity; nonverbal communication behavior; and developing, maintaining, and

---

evidence, the court declines to reach plaintiff's second argument.

understanding relationships. They concluded plaintiff has restricted, repetitive patterns of behavior, interests, or activities requiring plaintiff to have support. In that regard, Dr. Christopherson and Dr. Ganiron noted that plaintiff is excessively fixated on routines and rules, and he becomes highly agitated when routines are disturbed. *Id*. at 355-56. It was also their opinion that plaintiff's symptoms impacted age appropriate socialization and maintaining danger awareness, precluding plaintiff from being completely independent without some level of supervision on a long-term basis. *Id*.

Plaintiff underwent another psychological evaluation, which was conducted by Lance Portnoff, Ph.D. *Id*. at 327-31. Dr. Portnoff concluded that plaintiff has Autism Spectrum Disorder, and that he was functionally in the minimal range. *Id*. at 330. Dr. Portnoff opined that plaintiff had no limitations in responding appropriately to usual or routine work situations; mild to moderate limitations in dealing with unexpected changes in a routine work setting; and moderate limitations in responding appropriately to co-workers, supervisors, and the public. *Id*. at 331. He further opined that plaintiff was capable of understanding, carrying out, and remembering simple instructions. *Id*.

In a January 2016 treatment note, Dr. Edgar Castillo opined that plaintiff was unable to be assertive and to work under pressure. AR 388.

The record also contains two opinions from non-examining physicians, Dr. E. Anquino-Caro and Dr. G. Ikawa. Both physicians opined that plaintiff was capable of performing simple tasks, yet has moderate limitation in interacting appropriately with the general public and getting along with coworkers or peers without distracting them. *Id*. at 73, 77-78, 88, 92.

C. <u>Discussion</u>

In assessing plaintiff's residual functional capacity ("RFC"), the ALJ assigned little weight to Dr. Castillo's treating opinion, while giving significant weight to Dr. Portnoff's examining opinion and Drs. Aquino-Caro and Ikawa's non-examining opinions. The ALJ's decision cited to Dr. Christopherson and Dr. Ganiron's report, but did not discuss their examining

/////

/////

opinion nor state what weight, if any, it was given.[3] Plaintiff argues that the ALJ was required to weigh Dr. Christopherson and Dr. Ganiron's opinion, and the failure to do so requires remand for further proceedings. ECF No. 15-2 at 18-22. The Commissioner argues, without citation to any authority, that the ALJ was not required to weigh Dr. Christopherson and Dr. Ganiron's opinion because their report specifically disclaimed it was "not a substitute for a . . . Social Security Disability Evaluation, or other psychological evaluation." ECF No. 18 at 12 (quoting AR 347).

As noted by the Commissioner, Dr. Christopherson and Dr. Ganiron's report specifically stated that plaintiff's "evaluation was conducted by contract with CVRC to assist in eligibility determination, and as such, it is not a substitute for a formal . . . Mental Health Assessment, . . . Social Security Disability Evaluation, or other psychological evaluation." AR 347. That disclaimer, however, does not alter the standard by which these doctors' opinions must be evaluated nor excuse the ALJs failure to consider and weigh Drs. Christopherson and Ganiron's opinions, which specifically addressed plaintiff's functional limitations.

An ALJ is required to consider and weigh all medical opinion evidence. 20 C.F.R. § 416.927(b) and (c); *see Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."); *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) (An ALJ "may not reject 'significant probative evidence' without explanation."). The Commissioner's regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s)," including physical or mental limitations resulting from the claimant's impairments. 20 C.F.R. § 416.927(a)(1). Of particular relevance here, an ALJ may not disregard a medical opinion simply because it was proffered for a purpose other than assessing eligibility for disability benefits. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("The purpose for which medical

---

[3] Contrary to plaintiff's contention, Dr. Christopherson and Dr. Ganiron were not treating physicians. Their report indicates that they are employed by the Sullivan Center for Children and their "evaluation was conducted by contract with CVRC . . . ." AR 347. The record reflects plaintiff received treatment from CVRC, but there is nothing in the record suggesting he received treatment from Dr. Christopherson and Dr. Ganiron or the Sullivan Center for Children.

reports are obtained does not provide a legitimate basis for rejecting them."); *Booth v. Barnhart*, 181 F. Supp. 1099, 1105 (9th Cir. 2002) ("[T]he ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings.").

Accordingly, the ALJ was required to assess the weight to be given to Dr. Christopher and Dr. Ganiron's opinion, and could not reject their assessed limitations absent legally sufficient reasons. *Garrison*, 759 F.3d at 1012.

The Commissioner further argues that any error in failing to address Dr. Christopherson and Dr. Ganiron's opinion was harmless because proper consideration of the opinion would not alter the ALJ's ultimate disability determination. ECF No. 18 at 12-15; *see Holloway v. Berryhill*, 2017 WL 5508512, at * 5 (C.D. Cal. Nov. 16, 2017) ("Because plaintiff has not shown that full consideration of Dr. Pechman's opinions would alter the ALJ's RFC determination or ultimate decision, the ALJ's failure to properly reject those opinions was harmless."). She advances three arguments in support of this position. First, she contends that Dr. Christopherson and Dr. Ganiron's opinion is substantially similar to that of Dr. Portnoff. She argues that because the ALJ afforded great weight to Dr. Portnoff's opinion, the failure to specifically mention Dr. Christopherson and Dr. Ganiron's opinion was inconsequential. ECF No. 18 at 13-14. Second, she argues that the ALJ's reasons for rejecting Dr. Edgar Castillo's opinion, which was more restrictive, would apply equally to Dr. Christopherson and Dr. Ganiron's opinion. *Id*. at 14-15. Third, the Commissioner argues the error was harmless because the ALJ gave significant weight to the opinion of non-examining physician Dr. Ikawa, who considered Dr. Christopherson and Dr. Ganiron's report in reaching his opinion that plaintiff could perform simple, routine tasks with occasional interaction with others. *Id*. at 15. None of the arguments are persuasive.

Neither Dr. Castillo's opinion nor Dr. Portnoff's opinion were sufficiently similar to Dr. Christopherson and Dr. Ganiron's opinion. Dr. Castillo only opined that plaintiff was unable to be assertive and to work under pressure, which fails to account for many of limitations assessed by Dr. Christopherson and Dr. Ganiron, including plaintiff's limitations related to social interactions and need for some level of supervision. AR 388. Likewise, Dr. Portnoff's assessed

9

limitations are not fully consistent with Dr. Christopherson and Dr. Ganiron's opinion. For instance, Dr. Portnoff concluded plaintiff is only mildly to moderately impaired in dealing with unexpected changes, while Dr. Christopherson and Dr. Ganiron concluded plaintiff is excessively fixated on routines and becomes highly agitated when they change.

Lastly, there is no merit to the Commissioner argument that the ALJ's error was harmless because she afforded significant weight to the opinion of non-examining physician Dr. Ikawa, who considered Dr. Christopherson and Dr. Ganiron's report in reaching his opinion. The argument runs contrary to the hierarchy of medical opinion evidence established by the Commissioner's regulations and ignores the policy behind affording greater weight to physicians who have actually had the opportunity to exam the claimant. *See Lester*, 81 F.3d at 834. Furthermore, endorsing the argument would permit an ALJ to adopt a non-examining opinion over a treating opinion so long as the non-examining physician was provided an opportunity to review the other opinions of record. Obviously, that result is not permitted under controlling authority.

Accordingly, the matter must be remanded to allow the ALJ to properly consider all opinion evidence of record.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE